**IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE**
**IN AND FOR NEW CASTLE COUNTY**

ROBERT BRIED                              )
AND STEFANIE BRIED,                       )
                                          )
    Plaintiffs,                          )
                                          )
    v.                                   )     C.A. No. CPU4-16-001679
                                          )
FERRO FUEL OIL, INC.,                     )
                                          )
    Defendant                            )

Submitted:   September 30, 2016
Decided:     October 24, 2016

James A. Landon, Esquire
Morris James LLP
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE 19899
*Attorney for Plaintiff*

James S. Green, Jr., Esquire
Landis Roth & Cobb LLP
919 Market Street, Suite 1800
Wilmington, DE 19801
*Attorney for Defendant*

## MEMORANDUM OPINION AND ORDER ON DEFENDANT'S MOTION TO DISMISS

This is an action for breach of contract. The defendant, Ferro Fuel Oil, Inc. (hereinafter the "Defendant"), brings this motion under Court of Common Pleas Civil Rule 12(b)(6), alleging this action is barred by the statute of limitations.

On September 14, 2016, the Defendant timely filed and noticed the instant Motion to Dismiss, raising the aforementioned defense. On September 26, 2016, the plaintiffs, Robert and Stefanie Bried (hereinafter the "Plaintiffs"), filed a Response addressing and opposing the Motion. On September 30, 2016, a hearing was convened to allow the parties to present oral

1

argument. After reviewing the parties' briefs and arguments, the Court reserved decision. This is the Final Decision of the Court on the Defendant's Motion to Dismiss.

## STANDARD OF REVIEW

The standard for reviewing a Motion to Dismiss under Civil Rule 12(b)(6) is well settled. The Court must determine whether the Plaintiffs are entitled, as a matter of law, to recover under any reasonably conceivable set of circumstances outlined in the Complaint.

> In making this determination, the Court is limited to consider only facts contained within the four corners of the complaint, and must accept all well-plead allegations as true. "An allegation, though vague or lacking in detail, is nevertheless 'well-pleaded' if it puts the opposing party on notice of the claim being brought against it." While the Court is required to accept only those 'reasonable inferences that logically flow from the face of the complaint,' [it] 'is not required to accept every strained interpretation of the allegations proposed by the plaintiff.' Moreover, the Court may dismiss a claim "if allegations in the complaint or in the exhibits incorporated into the complaint effectively negate the claim as a matter of law." Ultimately, "[d]ismissal is warranted only when 'under no reasonable interpretation of the facts alleged could the complaint state a claim for which relief might be granted.'"[1]

Accordingly, the Court will presume, for the sake of the instant Motion only, that all assertions made in the Complaint are true.

## FACTS AND PROCEDURAL HISTORY

On June 14, 2016, the Plaintiffs filed a Complaint against the Defendant for Breach of Contract. The Complaint outlines a series of events stemming from the installation of an HVAC system in June 2010. The Plaintiffs entered into a contract with the Defendant to install the HVAC system, in exchange for the agreed-upon price of $10,095.00. However, "[f]rom the

---

[1] *Lawver v. Christiana Care Health System, Inc.*, 2016 WL 2610653, at *3 (Del. Com. Pl. May 6, 2016) (internal citations omitted).

2

outset, the HVAC system never worked properly."[2] The Plaintiffs reference numerous instances where the HVAC system required repairs, with the total cost of those repairs reaching $2,141.54 across five (5) years.[3] According to the Complaint, the Defendant made "numerous repairs to the system," and there is no indication that a third party was utilized to inspect or repair the unit for any of the necessary repairs.[4] Finally, in June 2015, the Plaintiffs needed to replace the control panel, resulting in an additional cost of $1,502.54.

Without specifying how they came to this knowledge, the Plaintiffs assert the "only reason the control panel goes bad is the result of constant freeze over. . . . [T]his is not common and a direct result of improper installation."[5] Furthermore, "[t]here was no way for Plaintiff's [sic] to have known that the HVAC was incompletely and improperly installed."[6] The Plaintiffs assert that, because of this improper installation, they have never had the use and enjoyment of the HVAC system and must now replace the unit.

On September 14, 2016, the Defendant noticed the instant Motion to Dismiss and raised the affirmative defense of an elapsed statute of limitations. On September 26, 2016, the Plaintiffs filed a Response to the Motion, asserting the Time of Discovery doctrine as tolling the statute of limitations. A hearing was held on September 30, 2016, with both sides presenting oral argument. The Court reserved judgment and invited the parties to provide supplemental briefing to the extent they felt it was necessary and advisable to do so. Later that day, the Defendant provided additional briefing on the matter of judicial admissions.

---

[2] Plaintiffs' Complaint at ¶ 7.
[3] Plaintiffs' Complaint at ¶ 9. The Plaintiffs do not assert when these repairs occurred or when they became necessary, and instead merely reference "numerous" repairs.
[4] Plaintiffs' Complaint at ¶ 9.
[5] Plaintiffs' Complaint at ¶ 13 and 15.
[6] Plaintiffs' Complaint at ¶ 16.

## PARTIES' CONTENTIONS

Both parties agree the instant matter is governed by a three-year statute of limitations.[7] Likewise, both parties agree that Delaware recognizes numerous exceptions to the statute of limitations. Specifically, it is uncontroverted that the statute of limitations would begin to run in this matter at the time the Plaintiffs possessed either knowledge of the defect or sufficient evidence to put them on inquiry notice.

The Defendant offers an argument where, based upon the wording of the Complaint itself, the Plaintiffs must have been on notice. Specifically, the Defendant argues the Complaint contains judicial admissions, the substance of which requires this Court to find the Plaintiffs were on inquiry notice from the moment the HVAC system was installed. As proof, the Defendant points to the Plaintiffs having asserted they "never had the use and enjoyment of the HVAC."[8] The Defendant further contends the actual cause of the problem to the HVAC is immaterial, as the notice of *some* significant defect involving the HVAC is sufficient to warrant investigation by the Plaintiffs.

In Response, the Plaintiffs point to the fact of the Defendant having performed the repairs to the HVAC unit. It was not until the control panel needed to be replaced – at considerable expense – that the Plaintiffs undertook an independent investigation into the problem. The Plaintiffs also contend that the matter of tolling is a question of fact and is not ripe for review at this stage of the proceedings.

---

[7] *See* 10 Del.C. § 8106.
[8] Plaintiffs' Complaint at ¶ 17.

4

## DISCUSSION

There is no blanket rule preventing a Court from determining on a Motion to Dismiss whether the applicable statute of limitations has elapsed or, relatedly, whether a tolling doctrine applies. Instead, the Court must determine whether the Complaint, read in the light most favorable to the non-moving party, pleads sufficient facts to raise the possibility of an exception to the statute of limitations.[9] "Assuming a tolling exception has been pleaded adequately, the Court must then determine when the plaintiff was on inquiry notice of a claim based on the allegations."[10] The Superior Court has provided ample guidance on this matter:

> "The [T]ime of [D]iscovery rule provides that in certain cases, a cause of action does not accrue until a party has reason to know that he or she has a cause of action." The Time of Discovery rule "is narrowly confined in Delaware to injuries which are both: (a) inherently unknowable; and (b) sustained by a blamelessly ignorant plaintiff." The statute of limitations "will begin to run only upon the discovery of facts constituting the basis of the cause of action *or* the existence of facts sufficient to put a person of ordinary intelligence and prudence on inquiry which, if pursued, would lead to the discovery of such facts." "These facts must usually be observable or objective factors that would alert laymen to the problem."[11]

Under the limited facts available to the Court, it is difficult to determine such intricate questions as knowledge and awareness. Ordinarily, it would be "necessary for the Court to conduct a fact intensive inquiry as to what the Plaintiff knew, when she knew it, and determine whether the Plaintiff was blamelessly ignorant of her potential claim or dilatory in pursuing the action."[12] Due to the limitations of a Motion to Dismiss, the Court instead turns to prior decisions for guidance.

---

[9] *See Young & McPherson Funeral Home, Inc. v. Butler's Home Improvement, LLC*, 2015 WL 4656486, at *1 (Del. Super. Aug. 6, 2016).
[10] *Id.*
[11] *Young & McPherson, supra*, at *2.
[12] *Duncan v. O.A. Newton & Sons Co.*, 2006 WL 2329378, at *7 (Del. Super. Jul. 27, 2006).

In *Pack & Process, Inc. v. Celotex Corp.*, the plaintiff purchased a warehouse from the defendant in 1976. Numerous repairs to the roof were needed in the following years, with the plaintiff finally learning of the underlying cause in 1981 and filing suit in 1982.[13] While *Pack & Process* involved an ongoing contractual relationship for repairs, and is thus distinguishable to an extent from the case *sub judice*, the nature of the ongoing need for repairs is virtually identical. From the outset, the Court acknowledged that the injury was not "inherently unknowable," given the presence of leaks and other indicators of disrepair.[14] In explaining the application of the Time of Discovery rule, the Court's analysis is persuasive:

> [A]lthough the plaintiff certainly was not "ignorant" of the existence of problems with the roof, the plaintiff had no reason to know that the repairs being made were not due to ordinary wear and tear and was, thus, "blamelessly ignorant." The plaintiff not only relied upon the defendant's expertise and assurances concerning the cause of repairs, but also relied upon the defendant to act in good faith. The plaintiff could discover any failure by the defendant to perform in a commercially competent manner at the time of the inspections and repairs only by hiring an independent roofing specialist to undertake to make the same inspections.[15]

The Defendant has directed the Court to *CertainTeed Corp. v. Celotex Corp.*, a case from the Court of Chancery, in which then-Vice Chancellor Strine applied principles relating to the statute of limitations as set out in *Wal-Mart Stores, Inc. v. AIG Life Ins. Co.*[16] "First, the court must ascertain the date of accrual of the cause of action. . . . Second, the court must determine whether the statute of limitations has been tolled. . . . Assuming a tolling exception applies, the

---

[13] *See Pack & Process, Inc. v. Celotex Corp.*, 503 A.2d 646, 648 (Del. Super. 1985).

[14] *See id.* at 650.

[15] *Id.* at 651.

[16] The Court notes the following statement in *Wal-Mart*: "[W]hether . . . the injury [is] "inherently unknowable" to the [Plaintiffs] is an unresolved question of fact for the jury. Similarly, if the injury is "inherently unknowable," whether the [Plaintiffs] are "blamelessly ignorant" is also a question for the jury. Therefore, the Court cannot rule that, as a matter of law, the "discovery rule" does not toll the statute of limitations." *Wal-Mart Stores, Inc. v. AIG Life Ins. Co.*, 860 A.2d 312, 319 (Del. 2004). However, because no other cases – whether before or after *Wal-Mart* – have described these questions as solely belonging to the jury, the Court will instead treat this statement as being particular to the facts of *Wal-Mart* and therefore distinguishable.

third step that is required under *Wal–Mart* is to consider when the plaintiff received inquiry notice[.]"[17] On the third requirement, the Defendant stresses, "Inquiry notice does not require actual discovery of the reason for injury. Rather, it exists when the plaintiff becomes aware of 'facts sufficient to put a person of ordinary intelligence and prudence on inquiry which, if pursued, would lead to the discovery [of injury].' "[18]

The Defendant further supports the proposition that the Plaintiffs are on inquiry notice even when the underlying cause remains unknown, provided there are sufficient indicators of a problem, by citing to *Layton v. Allen*, the seminal case on this matter.[19] However, the Court notes *Layton* is a medical malpractice case. Given the vast potential for factual differences between medical malpractice and the matter at hand, the Court distinguishes *Layton* on the facts.

Applying the case law and the three-part test under *Wal-Mart* to the case at bar, the Court finds on the first prong that the date of accrual is June 16, 2010 at the latest. The Complaint unambiguously alleges an improper installation as the underlying cause of action.[20] The accrual of the cause of action occurs with the performance of the wrongful act which, in this matter, is allegedly the installation of the HVAC system.[21] Second, the Complaint alleges the Plaintiffs did not have *actual* notice until June 2015.[22] According to the Complaint, the control panel was replaced after it froze over, and freezing over allegedly occurs only when the unit has been improperly installed.[23] If the Plaintiffs did not know the HVAC unit was improperly installed until the control panel froze over, then actual notice did not occur until that point. Accordingly,

---

[17] *CertainTeed Corp. v. Celotex Corp.*, 2005 WL 217032, at *7 (Del. Ch. Jan. 24, 2005).
[18] *Id.* (citations omitted).
[19] *Layton v. Allen*, 246 A.2d 794 (Del. 1968).
[20] Plaintiffs' Complaint at ¶ 15.
[21] *See CertainTeed, supra*, at *7.
[22] Plaintiffs' Complaint at ¶ 11-16.
[23] Plaintiffs' Complaint at ¶ 11 and 13.

because the Court must take all well-pled allegations as true, the Plaintiffs have pled sufficient facts to suggest the statute of limitations was tolled until the point of actual notice.

On the third prong of *Wal-Mart*, the Court must determine if and when the Plaintiffs were on inquiry notice. As a preliminary matter, the Court notes installation of an HVAC unit is a highly technical matter, one that is outside the realm of knowledge of the ordinary layperson.[24] Because the applicable standard is whether "a person of ordinary intelligence and prudence" would detect facts sufficient to warrant further investigation, the technical nature of HVAC installation weighs in favor of the Plaintiffs.[25] According to the four corners of the Complaint, the Plaintiffs experienced numerous problems spread across several years, yet always relied upon the Defendant to repair the HVAC system.[26]

The Court is persuaded by the analogous reasoning in *Pack & Process*, where the defendant was responsible for repairing the roof it had sold to the plaintiff. Although the case *sub judice* does not contain a contract for ongoing repairs, this fact does not alter the underlying legal reasoning of *Pack & Process*. At its core, *Pack & Process* dealt with whether a layperson was on inquiry notice despite knowing the necessity of repairs across multiple years – the precise issue facing the Court in this case. Contrary to the Defendant's assertions, and consistent with the precedent established in *Pack & Process*, the Court finds it entirely reasonable that a pattern of malfunctions across multiple years would not alert the average layperson to a problem involving the *installation* of an HVAC unit. The asserted cause of the malfunctions was the installation of the HVAC system. Taking the Plaintiffs' well-pled allegations as true, "[t]here was no way to have known that the HVAC was incompletely and improperly installed," just as

---

[24] *See Duncan, supra*, at 6; *see also Brandt v. Rokeby Realty Co.*, 2005 WL 1654362, at *1 (Del. Super. May 9, 2005);

[25] *Young & McPherson, supra*, at *2.

[26] Plaintiffs' Complaint at ¶ 9.

8

there was no way for the plaintiff in *Pack & Process* to know the roof was improperly manufactured.[27]

Lastly, the Defendant urges the Court to consider the Plaintiffs' Complaint as "judicial admissions," which operate as a limitation on the issues.[28] The Defendant urges the Court to read the Plaintiffs' admission of having never had enjoyment of the HVAC unit as waiving any argument of tolling. In essence, the Defendant suggests this admission, which is indeed binding upon the Plaintiffs, demonstrates actual knowledge of the defect from the date of installation in June 2010. The Court disagrees. The Complaint is sufficient on its face. The Plaintiffs allege "[t]here was no way to have known that the HVAC was incompletely and improperly installed."[29] Under the high burden of a Motion to Dismiss under Rule 12(b)(6), the Court will not favor one allegation – that the Plaintiffs never had enjoyment of the HVAC system – over another allegation that is facially sufficient to allege a lack of inquiry notice. Any alleged inconsistencies within the Complaint are properly explored in the discovery phase. Accordingly, under the third prong of the *Wal-Mart* factors, the Court finds, based upon the limited record before it, that the Plaintiffs were not on inquiry notice until June 2015.

The Court finds, under the light most favorable to the non-moving party, that the Complaint pleads sufficient facts to allow the possibility of tolling the statute of limitations. The Court is not in a position at this early stage of the proceedings to delve deeper into the subjective knowledge and expectations of the parties. While discovery might clarify the questions raised by the Court, the matter is not yet ripe for adjudication.

---

[27] Plaintiffs' Complaint at ¶ 16; *see Pack & Process, supra*, at 651.
[28] *See LaRue v. Steel*, 2016 WL 537614, at *4 (Del. Super. Feb. 10, 2016).
[29] Plaintiffs' Complaint at ¶ 16.

9

## CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** this 24th day of October, 2016, that Defendant's Motions to Dismiss are **DENIED.**

The Honorable Robert H. Surles
Judge

10